UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DARRYL L. KORNEGAY,                 )
                                    )
       Plaintiff,                   )
   v.                               )
                                    )   Civil Action No. 05-0001 (PLF)
AT&T,                               )
                                    )
       Defendant.                   )
_____)


MEMORANDUM OPINION

This case is before the Court on defendant's motion to dismiss plaintiff's *pro se* complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of defendant's motion and plaintiff's opposition, the Court grants the motion to dismiss with respect to plaintiff's wrongful termination claim and denies it with respect to plaintiff's Title VII claim.

I.  BACKGROUND

From February 1987 to June 1997, plaintiff worked in various capacities for defendant AT&T. See Amended Complaint ("Am. Compl.") ¶ 1. When he initially was hired to serve as a mail clerk, plaintiff was in his twenties and possessed a Bachelor of Science degree in Business. See id. By June 1997, plaintiff had earned a Master's degree from the American University School of International Service and attained the position of chauffeur with AT&T. See id. Over the course of his career at AT&T, plaintiff sought several promotions, often unsuccessfully despite his "outstanding appraisals" and "excellent attendance record." Id. ¶ 2.

On one occasion, plaintiff applied for the position of "Executive Assistant/Research Assistant to Corporate Vice President Mike Brown." Id.  Although plaintiff repeatedly had been called upon to furnish Brown's staff with briefs and research on congressional issues, plaintiff alleges that he "was passed over for a less qualified white female with no formal education." Id.

On May 29, 1997, plaintiff's supervisor confronted him with suggestions that he improperly had been charging overtime meals to defendant.  See Am. Compl. ¶ 3.  The investigation broadened, and AT&T managers accused plaintiff of misusing a corporate American Express card over a three year period.  See id.  AT&T terminated plaintiff's employment on June 20, 1997.  See id. ¶ 1.  Plaintiff filed this action on January 3, 2005, asserting that he was wrongfully terminated because of his race.  See id. ¶ 5.

Construing the complaint as asserting claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Court on July 1, 2005 issued an Order directing plaintiff to file an amended complaint properly alleging exhaustion of his administrative remedies and attaching a copy of his right-to-sue letter.  In response, plaintiff filed a signed letter stating: "Pursuant to EEOC regulations, I filed my complaint with EEOC and exhausted all administrative remedies . . . At that time I was instructed by Mr. David Gonzales of the Washington D.C. EEOC office of my 'Right to Sue,' for which I filed within the allotted time frame."  Defendant offers no reason to doubt plaintiff's representations in this respect, and the Court will accept them at this stage in the proceedings.[1]

---

[1] "Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it."  Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997) (citing Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985)). "If the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." Id.

## II.  DISCUSSION

*A.  Minimum Pleading Requirements of Fed. R. Civ. P. 8(a) and 10(b)*

Defendant argues that plaintiff's Amended Complaint fails to meet the minimum pleading requirements of Rule 8(a) and 10(b) of the Federal Rules of Civil Procedure, in that the complaint lacks the "short and plain statement of the grounds upon which the court's jurisdiction depends" called for by Rule 8(a) and fails to divide claims founded upon separate transactions or occurrences into discrete counts as described in Rule 10(b).  According to defendnat, "plaintiff's contentions are so vague that they fall short of providing AT&T the minimum fair notice of plaintiff's claims and the grounds upon which they might rest."  Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ("Def. Mem.") at 4.  Of particular concern to defendant is plaintiff's failure to "state whether his claim arises from federal, local or common law."  Id.

Under the Federal Rules of Civil Procedure "all pleadings shall be so construed as to do substantial justice."  FED. R. CIV. P. 8(f).  In particular, *pro se* complaints are to be held to "less stringent standards than formal pleadings drafted by lawyers."  Thomas v. Principi, 394 F.3d 970, 974 (D.C. Cir. 2005) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)); see United States v. Palmer, 296 F.3d 1135, 1143 (D.C. Cir. 2002) (court followed "well-established practice of construing a *pro se* party's pleadings liberally").  "[T]he liberal concepts of notice pleading embodied in the Federal Rules do not require the pleading of legal theories."  Hanson v. Hoffmann, 628 F.2d 42, 53 (D.C. Cir. 1980).

Defendant is correct that plaintiff's Amended Complaint lacks a "short plain statement of the grounds upon which the court's jurisdiction depends." FED. R. CIV. P. 8(a)(1). But while plaintiff bears the burden of establishing that the Court has subject matter jurisdiction, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Kean for Congress Committee v. Fed. Election Comm'n, 398 F. Supp. 2d 26, 31 (D.D.C. 2005), "failure to state the grounds upon which jurisdiction depends does not automatically result in dismissal of the complaint; leave to amend the complaint should be freely given to cure this defect." Barlow v. Pep Boys, Inc., 625 F. Supp. 130, 133 (E.D.Pa. 1985); see 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1214 (2004 ed.). Formal amendment of the complaint is unnecessary, however, when the district judge can recognize a federal question or diversity within the complaint, no matter how inartfully it may be drawn. See, e.g., Andrus v. Charlestone Stone Prods. Co., 436 U.S. 604, 608 (1978) (jurisdiction under 28 U.S.C. § 1331(a) found despite complaint's failure to invoke statute, where "facts alleged in [the complaint] are sufficient to establish such jurisdiction and the complaint appeared jurisdictionally correct when filed"); Harary v. Blumenthal, 555 F.2d 1113, 1115 (2d Cir. 1975) ("When the complaint pleads facts from which federal jurisdiction may be inferred, however, the insufficiency of the jurisdictional allegation is not controlling, and the action need not be dismissed."); Mumphrey v. James River Paper Co., 777 F. Supp. 1458 (W.D. Ark. 1991). The Court finds that because plaintiff clearly is asserting a claim under Title VII, further amendment of the Amended Complaint is unnecessary, as such a claim raises a federal question giving rise to jurisdiction in this Court under 28 U.S.C. § 1331.

Similarly, although the Amended Complaint fails to divide claims founded upon separate transactions or occurrences into discrete counts as required by Rule 10(b), the Rule "only requires a separate statement if a clear presentation of the issues presented by the case will be facilitated thereby." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1324 (2004 ed.). The Court is confident that as it stands, the Amended Complaint sets forth plaintiff's claims in sufficient detail to permit the defendant to answer or otherwise respond; amending the complaint further is unnecessary.

B. Race Discrimination

To make out a *prima facie* case for Title VII employment discrimination, a plaintiff must show that (1) he is a member of a protected class; (2) he has suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. See George v. Leavitt, 407 F.3d 405, 412 (D.C. Cir. 2005); Stella v. Mineta, 284 F.3d 135, 145 (D.C. Cir. 2002); Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir. 1999). A plaintiff can satisfy the third prong of this test in several ways, including by showing that "similarly situated employees who are not part of the protected class" were treated differently from plaintiff, George v. Leavitt, 407 F.3d at 412, or by demonstrating that the adverse action is not due to "an absolute or relative lack of qualifications or the absence of a vacancy in the job sought." Stella v. Mineta, 284 F.3d at 145.

Plaintiff has alleged that: (1) he applied for a promotion to "Executive Assistant/Research Assistant to Corporate Vice President Mike Brown"; (2) he was denied promotion because of his race; (3) he was "repeatly [sic] called upon by members of Mr.

Brown's staff . . . to provide [to defendant] Capitol Hill Congressional briefs and research assignments"; and (4) he "was passed over [for the job] for a less qualified white female with no formal education." Am. Compl. ¶¶ 1-2. Although plaintiff does not name the allegedly "less qualified white female" who was selected for the position, or state when he was turned down for the job, plaintiff does identify the precise position he sought and state facts underlying his inference of discrimination with sufficient particularity to afford defendant notice of the nature of plaintiff's claims. Plaintiff's allegations are indeed sparse, but he has alleged every element of a *prima facie* case of Title VII employment discrimination with respect to defendant's alleged failure to promote him.

With respect to plaintiff's claim that he was fired impermissibly under Title VII, plaintiff supplies a chronology of events culminating in his termination, averring that defendant terminated plaintiff on June 20, 1997 for improperly using a corporate American Express card despite the fact that plaintiff had "done nothing wrong"; that plaintiff previously garnered "outstanding appraisals and possessed an excellent attendance record"; and that plaintiff suffered "wrongful termination because of [his] race." Am. Compl. at 1-3. In other words, plaintiff claims that he was a qualified employee terminated under false pretenses because of his race. Plaintiff need not plead all the elements of a Title VII race discrimination claim in order to state a claim, as plaintiff adequately has met the standards of Rule 8 with respect to this claim. See Sparrow v. United Air Lines, 216 F.3d 1111, 1115 (D.C. Cir. 2000) ("Because racial discrimination is a claim upon which relief may be granted . . . 'I was turned down for a job because of my race' is all a complaint has to say to survive a motion to dismiss under Rule 12(b)(6)") (quoting Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998)).

*C. Wrongful Termination*

Plaintiff also appears to assert a claim of wrongful termination. It "has long been settled," however, that under District of Columbia law "[a]n employee who serves at the will of his or her employer may be discharged 'at any time and for any reason, or for no reason at all.'" Liberatore v. Melville Corp., 168 F.3d 1326, 1329 (D.C. Cir. 1999) (quoting Adams v. George W. Cochran & Co., 597 A.2d 28, 30 (D.C. 1991)).[2] D.C. law thus presumptively bars wrongful termination claims brought by at-will employees. See Spychalski v. University Club, Civil No. 03-2127, Slip Op. at 6 (D.D.C. June 9, 2004) (citing Adams v. George W. Cochran & Co., 597 A.2d at 30).

Plaintiff alleges no facts that could support the application of the limited "public policy exception" to this doctrine that has been elaborated by the District of Columbia Court of Appeals. See Liberatore v. Melville Corp., 168 F.3d at 1329 (discussing public policy exception to general rule that at-will employees may not assert claim for wrongful termination against employer) (citing Adams v. George W. Cochran & Co., 597 A.2d at 29-34; Gray v. Citizens Bank of Washington, 602 A.2d 1096 (D.C. 1991); and Carl v. Children's Hospital, 702 A.2d 159, 160 (D.C. 1997)).[3] Nor does the complaint allege any facts from which the Court could

---

[2] In the District of Columbia, "employment is presumed to be at-will, unless the contract of employment expressly provides otherwise." Liberatore v. Melville Corp., 168 F.3d at 1328 n.3 (quoting Carl v. Children's Hospital, 702 A.2d at 162).

[3] The District of Columbia Court of Appeals in Adams explained the public policy exception as follows: "[A] discharged at-will employee may sue his . . . former employer for wrongful discharge when the sole reason for the discharge is the employee's refusal to violate the law, as expressed in a statute or municipal regulation." Adams v. George W. Cochran & Co., 597 A.2d at 34. Nonetheless, "the burden of proving by a preponderance of the evidence that this was the sole reason shall be on the fired employee." Id. The District of Columbia Court of Appeals later held that, besides the Adams exception, courts may "recogniz[e] some other public

infer that plaintiff's employment was other than at-will.  Accordingly, the Court concludes that plaintiff fails to state a claim for wrongful termination.

### III.  CONCLUSION

For the foregoing reasons, the Court holds that plaintiff has stated a claim of employment discrimination under Title VII, but has failed to state a claim of wrongful termination.  The Court therefore grants defendant's motion to dismiss with respect to plaintiff's wrongful termination claim and denies it with respect to plaintiff's Title VII claims.  An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 29, 2006

---

policy exception when circumstances warrant such recognition."  Carl v. Children's Hospital, 702 A.2d at 160.  Four concurring judges emphasized in Carl that they "would also hold that the recognition of any such exception must be firmly anchored either in the Constitution or in a statute or regulation which clearly reflects the particular 'public policy' being relied upon."  Id. at 162.  Plaintiff does not allege that he was fired for refusing to violate the law, nor does he identify a public policy, officially declared or otherwise, that might justify finding another exception to the District of Columbia presumption of at-will employment.