UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
DARRYL L. KORNEGAY,                    )
                                       )
            Plaintiff,                 )
                                       )
       v.                              )    Civil Action No. 05-0001 (PLF)
                                       )
AT&T,                                  )
                                       )
            Defendant.                 )
_____)


OPINION

This matter is before the Court on defendant AT&T's Motion for Summary Judgment. The plaintiff, Darryl Kornegay, alleges that AT&T failed to promote him and later fired him from his job as a chauffeur in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Upon careful consideration of the motion, plaintiff's response in opposition, defendant's reply, and the entire record in the case, the Court grants defendant's motion for summary judgment[1]

I.  BACKGROUND

From February 1988 until June 1997, Mr. Kornegay worked in various capacities for defendant AT&T. See Mot., Defendant's Statement of Undisputed Facts ("DSF") ¶¶ 1, 28.

---

[1] The papers submitted in connection with this matter include: Defendant's Motion for Summary Judgment ("Mot."); Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp."); and Defendant's Memorandum in Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Def. Rep.").

At the times relevant to his discrimination charges, Mr. Kornegay primarily worked as a chauffeur.  See DSF ¶ 4; Amended Complaint ("Am. Compl.") ¶ 5.

In March 1995, the position of Executive Assistant/Research Assistant to an AT&T Corporate Vice President became available.  See DSF ¶ 2.  Mr. Kornegay alleges that he applied for this position, which would have been a promotion, but that he was not selected, despite positive performance reviews, because of his race (the "non-promotion claim").  See Am. Compl. ¶ 2.

In the last two years of Mr. Kornegay's employment, AT&T provided him with an American Express Corporate Credit Card (the "Corporate Card").  See DSF ¶ 6.  Mr. Kornegay does not contest AT&T's assertion that he periodically used the Corporate Card for personal purchases.  See DSF ¶ 18.  On May 29, 1997, AT&T Corporate Security Managers confronted Mr. Kornegay with evidence of these purchases.  See DSF ¶¶ 21-25.  AT&T did not accept Mr. Kornegay's explanations for the purchases and terminated his employment on June 20, 1997.  See DSF ¶¶ 24, 26, 28.  Mr. Kornegay alleges that this termination was discriminatory (the "termination claim").  See Am. Compl. ¶¶ 3-5.

On March 3, 1998, Mr. Kornegay submitted a District of Columbia Office of Human Rights ("DCOHR") Pre-Complaint Questionnaire.  See DSF ¶ 34.  On April 28, 1998 Mr. Kornegay formally filed a charge of discrimination against AT&T with the DCOHR.  See Def's Mot. at Ex. M.  On July 22, 2002, the DCOHR issued a determination letter dismissing Mr. Kornegay's non-promotion claim as untimely and finding no probable cause for his termination claim.  See DSF ¶ 37.  The EEOC adopted the findings of the DCOHR and issued Mr. Kornegay

2

a "right to sue" letter on September 29, 2004.  See DSF ¶ 38.  Mr. Kornegay filed this action on January 3, 2005.  AT&T filed the pending summary judgment motion on December 14, 2007.

## II.  STANDARD OF REVIEW

Summary judgment may be granted only if "the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination."  Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895.  When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [his] favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Electric Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (en banc); Washington Post Co. v. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989).  On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence."

Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. See FED. R. CIV. P. 56(e)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The non-moving party is "required to provide evidence that would permit a reasonable jury to find" in his favor. Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987).  If the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 127 S. Ct. 1769, 1776 (2007) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, 'there is no genuine issue for trial.'") (quoting Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  To defeat summary judgment, a plaintiff must produce more than "a scintilla of evidence to support his claims."  Freedman v. MCI Telecommunications Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).  In an employment discrimination case, "[u]sually, proffering evidence from which a jury could find that the employer's stated reasons were pretextual will be enough to get a plaintiff's claim to a jury." George v. Leavitt, 407 F.3d 405, 413 (D.C. Cir. 2006) (citing Carpenter v. Fed. Nat'l Mortgage Ass'n, 165 F.3d 69, 72 (D.C. Cir. 1999)) (internal quotations omitted).

III.  DISCUSSION

As a preliminary matter, the Court notes that Mr. Kornegay has not countered AT&T's Statement of Undisputed Facts with a statement of genuine issues of material fact as to which he contends there are genuine issues that must be litigated, as required by Local Civil Rule 56.1.  Mr. Kornegay instead filed a "Statement of Facts as to Which There is no Genuine Issue of Fact."  See Pl. Opp., Plaintiff's Statement of Facts ("PSF").  This statement does not specifically contradict any facts set forth in AT&T's Statement of Undisputed Facts.  Nor does it state any additional disputed facts material to this motion.  Indeed, plaintiff has admitted that "there [are] no questions of material fact which should be decided by a jury."  See Pl. Opp. at 2.[2]  In such circumstances, the Court may adopt the moving party's statement of facts as undisputed.  See L. Civ. R. 56.1 ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."); see also L. Civ. R. 7(h) (same); Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151 (D.C. Cir. 1996).

*A.  Failure to Promote*

Title VII makes it an "unlawful employment practice for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions or

---

[2]  Plaintiff did not paginate his opposition.  The Court will reference the pages in numerical order.

privileges of employment, because of such individual's race." See 42 U.S.C. § 2000e-1(a)(1). An individual wishing to challenge an employment practice under this section must first file a charge with the EEOC. 42 U.S.C. § 2000e-5(f)(1). If the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court. See Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2166-67 (2007). In the District of Columbia, a deferral jurisdiction, a discrimination charge must be filed either with the EEOC or the DCOHR within 300 days of the alleged discriminatory practice. 42 U.S.C. § 2000e-5(e)(1); see Bowie v. Gonzales, 433 F. Supp. 2d 24, 34 (D.D.C. 2006).[3]

   Mr. Kornegay filed a formal charge of discrimination for both non-promotion and employment termination with the DCOHR on April 28, 1998. See Mot., Ex. M. For this charge to be timely, the alleged unlawful employment practices need to have occurred within the 300 days immediately preceding its filing. Mr. Kornegay's date of termination, June 20, 1997, fits within this window. His failure to promote claim, based on events that occurred in 1995, does not.

   Although Mr. Kornegay states that he was "continuously denied promotions" by AT&T, his only specific allegation of discriminatory non-promotion is AT&T's placement of a white female employee into the position of Executive Assistant/Research Assistant to the Corporate Vice President. See Am. Compl. ¶ 2. The parties agree that AT&T filled this position

---

[3]  "Such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier." 42 U.S.C. § 2000e-5(e)(1).

6

on or about May 15, 1995.  See DSF ¶ 5; PSF ¶ 4.  Because "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act," Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), Mr. Kornegay's 300 day filing period began to run on May 15, 1995, the date AT&T filled the open position with another employee.  It expired by March 10, 1996, well before Mr. Kornegay filed his formal discrimination charge against AT&T.

Mr. Kornegay's response to the question of timeliness conflates his failure to promote claim with a hostile work environment claim.  See Pl. Opp. at 4-5.  Mr. Kornegay did not assert a hostile work environment claim during the proceedings before the DCOHR; he has not sought to amend his complaint to make such a claim in this Court; and he did not protest this Court's previous characterization of his viable Title VII claims as alleging failure to promote and wrongful termination only.  See March 29, 2006 Memorandum Opinion at 5-6.  The Court will not now recharacterize Mr. Kornegay's charges solely to allow him to escape the statutory filing requirements.  See Baloch v. Norton, 517 F. Supp 2d 345, 364 (D.D.C. 2007) ("This jurisdiction frowns on plaintiffs who attempt to bootstrap their alleged discrete acts of retaliation into a broader hostile work environment claim.").  Plaintiff's failure to promote claim is plainly untimely.

*B.  Employment Termination*

The D.C. Circuit recently held that "the question whether the plaintiff in a disparate-treatment discrimination suit actually made out a prima facie case is almost always irrelevant when the district court considers an employer's motion for summary judgment or

7

judgment as a matter of law." Brady v. Office of the Sergeant at Arms, 520 F.3d 490, 492 (D.C. Cir. 2008) (citing St. Mary's Honor Society v. Hicks, 509 U.S. 502, 514-15 (1993); U.S. Postal Service Board of Governors v. Aikens, 460 U.S. 711, 716 (1983)).  Rather, the court continued:

> [i]n a . . . disparate-treatment suit where an employee has suffered an adverse employment action and an employer has asserted a legitimate, non-discriminatory reason for the decision, the district court need not -- *and should not* -- decide whether the plaintiff actually made out a prima facie case under *McDonnell Douglas.* Rather, in considering an employer's motion for summary judgment or judgment as a matter of law in those circumstances, the district court must resolve one central question:  Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin?

Brady v. Office of the Sergeant at Arms, 520 F.3d at 494 (citing St. Mary's Honor Society v. Hicks, 509 U.S. at 507-08, 511; U.S. Postal Service Board of Governors v. Aikens, 460 U.S. at 714-16) (emphasis in original).

AT&T states that it fired Mr. Kornegay because he misused his Corporate Card. The parties agree that AT&T issued Mr. Kornegay the Corporate Card for business-related uses. The AT&T/American Express Corporate Card Policy and Procedures ("AT&T's Amex Policy") effective at the time stated that "[t]he American Express corporate card is the only authorized corporate charge card and is provided to eligible employees for business uses only."  See DSF ¶ 7 (emphasis in original).  It further stated that misuse or abuse of the Corporate Card could "result in disciplinary action up to and including dismissal" and that "[i]ncurring personal expenses on the Corporate Card is prohibited."  See id. ¶¶ 8-9.  Mr. Kornegay has not alleged that he did not

8

know about the policy or that he misunderstood it. Mr. Kornegay could not have believed that it was appropriate to use the Corporate Card for extensive personal purchases. AT&T catalogued multiple violations by Mr. Kornegay of its policy, including over $4,000 in personal expenses charged to the Corporate Card. See id. ¶ 19. Mr. Kornegay partially repaid AT&T for these charges, but approximately $1,600 is outstanding. See id.

The fact that Mr. Kornegay misused his Corporate Card in violation of company policy was a legitimate nondiscriminatory reason for AT&T to fire him. See Williams v. Chertoff, 495 F. Supp. 2d 17, 35 (D.D.C. 2007) ("The most common legitimate reason on which an employer might rely in disciplining an employee would be that the employee had violated an employment regulation or policy.").

In light of AT&T's stated non-discriminatory reason, in order to survive summary judgment, Mr. Kornegay must have "produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race." Brady v. Office of the Sergeant at Arms, 520 F.3d at 494 (citing St. Mary's Honor Society v. Hicks, 509 U.S. at 507-08, 511; U.S. Postal Service Board of Governors v. Aikens, 460 U.S. at 714-16). Mr. Kornegay provides no evidence to contradict AT&T's showing that he misused the Corporate Card. Nor has he alleged that other employees were treated differently for the same or similar violations of company policy. Mr. Kornegay has given the Court no basis to find that AT&T's proffered reason was pretextual.

Mr. Kornegay's only response is that res judicata bars AT&T from asserting that it fired Mr. Kornegay for misuse of the Corporate Card. See Pl. Opp. at 10. He bases this argument on a finding by the District of Columbia Department of Employment Services in review of his unemployment compensation claim. See id. Mr. Kornegay is incorrect. The District of Columbia Unemployment Compensation Act specifically states:

> Any finding of fact or law, determination, judgment, conclusion, or final order made by a claims examiner, hearing officer, appeals examiner, the Director, or any other person having the power to make findings of fact or law in connection with any action or proceeding under this subchapter, *shall not be conclusive or binding* in any separate or subsequent action or proceeding between an individual and his present or prior employer *brought before* an arbitrator, court, or *judge of the District of Columbia or the United States*, regardless of whether the prior action was between the same or related parties or involved the same facts.

D.C. Code § 51-111(j) (emphasis added). The decision by the Department that plaintiff relies on to argue that res judicata applies in the instant case by virtue of this statute is not binding on this Court.

For these reasons, the Court will grant defendant's motion for summary judgment. An Order consistent with this Opinion shall issue this same day.

SO ORDERED

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 29, 2008